UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                        Case No. 20-CR-30

ENID MARTINEZ, et al.,

          Defendants.

## ORDER

On January 10, 2020, Magistrate Judge William E. Callahan, Jr. signed a criminal complaint charging 26 individuals with various drug offenses. (ECF No. 1.) The grand jury on February 11, 2020, returned a 44-count indictment against the same 26 defendants. All defendants are charged in count one with conspiracy to distribute controlled substances. The remaining charges allege various drug and related firearm and financial offenses against certain defendants. The indictment also contains an extensive forfeiture notice.

The case was randomly assigned to the Honorable J.P. Stadtmueller for trial. This court was assigned to assist Judge Stadtmueller in the pretrial processing of the case. On February 24, 2020, Judge Stadtmueller issued a detailed trial scheduling order. (ECF No.

215; *but see* ECF No. 375 (adjourning many of the dates in the scheduling order).) In relevant part, he ordered the government to

> disclose to counsel for each of the defendants the names of the specific witnesses the government expects to call in its case-in-chief at trial as to each defendant together with copies of the statements of those witnesses and any relevant supporting exhibits, including reports of expert witnesses, photographs of physical objects, and audio and video recordings. At the same time, the government shall also identify and disclose any *Brady* material(s) in its possession as to each defendant. All disclosures by the government pursuant to this order must be formatted and structured as to each defendant and as to each count[.]

(ECF No. 215 at 3.)

Relying in part on Judge Stadtmueller's order, the defendants have been requesting, in motions and during multiple status conferences with the court, that the government identify the specific intercepted telephone calls it intends to introduce in its case in chief. (*See, e.g.*, ECF Nos. 360, 364.) The court denied these earlier motions, *United States v. Quinones-Quinones*, No. 20-CR-30, 2020 U.S. Dist. LEXIS 105954 (E.D. Wis. June 16, 2020), and an appeal of that order is currently pending before Judge Stadtmueller (ECF No. 418). Nonetheless, certain defendants have persisted in demanding specific information from the government. As a result, the court instructed counsel for defendant Enid Martinez to file a consolidated motion on behalf of all similarly situated defendants. That motion is currently before the court. (ECF No. 512.)

At the heart of this case are roughly 9,600 intercepted telephone calls. Nearly all the calls are in Spanish. Only two of the attorneys appointed under the Criminal Justice

Act are fluent in Spanish, and almost none of the defendants speak English. Although the government has provided translations of all of the pertinent calls, defense counsel have sought funding for translators to verify the accuracy of the translations of particularly relevant calls. This is an expensive proposition, with the translators estimating that it will take one hour of their time (at $52 per hour) for each one minute of conversation. To narrow the number of calls that the translators must listen to, the defendants have asked the government to identify the calls it intends to use in its case-in-chief. Not merely the calls it *may* use, but a good faith identification of which calls it will *actually* use at trial.

The defendants point to Fed. R. Crim. P. 12(b)(4)(B), which provides: "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." The rule "is a procedural device intended to facilitate efficient pre-trial motion practice." *United States v. Conyers*, No. S13 15-CR-537 (VEC), 2016 WL 7189850, at *10 (S.D.N.Y. Dec. 9, 2016) *(*citing *United States v. de la Cruz-Paulino*, 61 F.3d 986, 994 (1st Cir. 1995); Fed. R. Crim. P. 12 advisory committee note, 1974 Amendment ("the rule is intended to be a matter of procedure")). Thus, "it streamlines the suppression process because the defendant can avoid moving to suppress evidence the Government does not intend to use." *United States v. Smith*, 277 F. App'x 187, 191 (3d Cir. 2008).

It does not expand the government's discovery obligations, *Conyers*, 2016 WL 7189850, at *10 (citing *United States v. Vilar*, 530 F. Supp. 2d 616, 636-37 (S.D.N.Y. 2008)), nor does it obligate the government to disclose its trial strategy, *United States v. Scheer*, No. 7:17-CR-154-8H, 2018 WL 4935433, at *3 (E.D.N.C. Oct. 11, 2018); *Conyers*, 2016 WL 7189850, at *10 (citing 1A Andrew D. Leipold & Peter J. Henning, *Federal Practice & Procedure Criminal* § 195 (4th ed. 2008)). Merely providing discovery, *Smith*, 277 F. App'x at 192, or even following an "open file" policy, is generally insufficient to comply with a proper request under Rule 12(b)(4)(B), *de la Cruz-Paulino*, 61 F.3d at 993; *United States v. Anderson*, 416 F. Supp. 2d 110, 113 n.1 (D.D.C. 2006); *United States v. Brock*, 863 F. Supp. 851, 868 (E.D. Wis. 1994), *aff'd sub nom*. *United States v. Soderna*, 82 F.3d 1370 (7th Cir. 1996).

In a motion under Rule 12(b)(4)(B) a defendant must identify the *specific* information it wants the government to disclose. *United States v. Ferguson*, No. 2:16-CR-00103-JRG, 2018 WL 636710, at *2 (E.D. Tenn. Jan. 30, 2018) (citing *United States v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011)); *Conyers*, 2016 WL 7189850, at *10. Broad demands that the government designate "its evidence" are insufficient, even if accompanied by a litany of specific types of evidence that the government might seek to use at trial. *See Ishak*, 277 F.R.D. at 160.

Because Rule 12(b)(4)(B) is intended to facilitate early resolution of any motion to suppress, it cannot be used to force the government to identify evidence that is not

subject to a motion to suppress by the requesting defendant. *See United States v. Mills*, No. 16-CR-20460, 2019 WL 76870, at *2 (E.D. Mich. Jan. 2, 2019); *Conyers*, 2016 WL 7189850, at *10.

No defendant has argued that disclosure of the specific calls the government intends to use in its case in chief is required so that he may decide whether a basis exists for bringing a motion to suppress. But that does not necessarily render Rule 12(b)(4)(B) inapplicable to the defendants' efforts to pragmatically minimize the scope (and cost) of translating the calls. Intercepted calls are the sort of evidence that could result in a motion to suppress and, therefore, are within the scope of Rule 12(b)(4)(B).

The government responds that it has already complied with Rule 12(b)(4)(B) when it provided the defendants with a 37-page memorandum (ECF No. 376-5) to comply with Judge Stadtmueller's order. In this memorandum it identified as exhibits it anticipates introducing during its case in chief *all* "[i]ntercepted electronic and/or wire communications over cellular telephone lines identified as TARGET TELEPHONES-1 through 14 between June 20, 2019 and January 15, 2020; the accompanying English-translation line sheets for those intercepted communications; and voice exemplars". (ECF No. 376-5 at 15-16.) The government argues that, by stating it intends to introduce *all* intercepted calls, it has complied with Rule 12(b)(4)(B) and need not be any more specific. (ECF No. 520 at 6 (quoting *Brock*, 863 F. Supp. 851 (Stadtmueller, J.)).)

The government may well intend to introduce all of the intercepted calls. In fact, in wiretap cases it is routine for the government to introduce the entirety of the intercepted calls *en masse*. But the government surely will not be playing, recounting, highlighting, or even mentioning each of the nearly 10,000 intercepted calls at trial.

And that is what the defendants are seeking: those calls the government anticipates highlighting to the jury. This is not an attempt to limit the government to using only those calls it anticipates highlighting to the jury. As stated by the defendants, "[n]o one is suggesting that this list, once prepared, would be final, never to be altered." (ECF No. 521 at 4.) "If additional calls are needed based on a position staked out in a Defendant's motion or at trial, the Government would add additional calls, with disclosure to the defense and the Court. This compromise would not require the Government to be clairvoyant." (ECF No. 512 at 4.) Rule 12(b)(4)(B) is a pragmatic rule aimed at fostering efficient processing of criminal cases. It is in this spirit that the defendants make their request, and it is in the interest of mitigating unnecessary costs and fostering the expeditious resolution of this unusually complex case that the court will grant the defendants' motion.

Therefore, the court will order the government to disclose to the defendants within 21 days of this order all intercepted communications it anticipates highlighting to the jury during its case in chief at trial. The court emphasizes that this does not preclude the government from introducing any other intercepted calls in its case in

chief. Rather, the court expects only a good faith effort to identify key communications so as to avoid delays necessitated by unanticipated motions to suppress or verification of translations.

**IT IS THEREFORE ORDERED** that the "Defendants' Joint Motion Seeking an Order Requiring the Government to Designate Those Telephone Calls It Would Seek to Introduce in its Case in Chief" (ECF No. 512) is **granted**. Within **21 days** of this order the government shall disclose to the defendants a list of all intercepted calls it in good faith believes it is likely to highlight to the jury during its case in chief. This order does not preclude the government from introducing any other call in its case in chief.

Dated at Milwaukee, Wisconsin this 12th day of February, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge